[Civ. No. 9219. Third Dist. Dec. 31, 1957.]

IRRIGATION CONSTRUCTION COMPANY (a Corporation), Respondent, v. ELLEN I. BOWLSBEY, as Executrix, etc., et al., Appellants.

Sinclair M. Dobbins for Appellants.

Rich, Fuidge & Dawson for Respondent.

WARNE, J. pro tem.*—This is an appeal by defendants from a money judgment arising out of a contract relating to the sufficiency of the performance by the plaintiff in constructing a concrete pipe irrigation system on defendants' lands. Plaintiff brought this action to recover the contract price of the line and also to foreclose a mechanic's lien. The complaint also stated an action in *quantum meruit*. In their answer defendants alleged that the work was done on the irrigation pipe line in such unskillful, negligent and careless manner as to cause said irrigation pipe lines, upon completion, to be defective and unfit for the particular purpose for which they were required by reason of excessive leakage water therefrom unused for irrigation purposes and for that reason refused to pay the cost of installation.

The court found that the value of the labor and material furnished defendant was $9,886.38; that the contract was "substantially completed" on the 2d day of June, 1952, and that said contract was done in an unskillful, negligent manner so as to cause said pipe, upon completion of said construction, to be defective and that in order to make said work conform to the terms of the contract defendant necessarily will have to expend the sum of $3,178.40. The court deducted this sum from the $9,886.38 and entered judgment against defendants for the sum of $6,707.98.

Appellants contend that since the court did not find that the contract had been substantially performed and the evidence being insufficient to prove substantial performance, the trial court lacked the legal discretion to render judgment in favor of the plaintiff. We do not agree with appellants. As we view this case, it is controlled by an unusual provision found in the contract and does not fall within the doctrine of substantial performance.

There were two contracts entered into between decedent, Glenn E. Bowlsbey, and plaintiff. One of them called for so many linear feet of jointless concrete irrigation pipe to be laid below ground and equipped with a specified number of risers, valves, and other appliances designed to handle the irrigation water to be conveyed through the pipe. The court

*Assigned by Chairman of Judicial Council.

finds that the company began work under the agreement on the 31st day of May and had substantially completed the work by the 2d day of June following. While the findings use the words "substantially completed," we do not treat this as a finding of substantial performance of the contract for the reason that the court follows with a finding that the work was done so unskillfully and so negligently that along with the defective work done under the second contract it would require $3,178.40 to make the work conform to the agreement.

As to the second contract for an additional line of pipe, the court finds that the company began work under that contract and progressed part way when at the request of decedent, Glenn E. Bowlsbey, work ceased upon the line. The demand of the plaintiff on this contract is for the unit contract price up to the point where, heeding the request of said Glenn E. Bowlsbey, the company ceased work. As to this work the court also finds that it was "substantially completed" up to the point where work ceased; that the work was carelessly and negligently done by plaintiff and that the defendants would have to spend money to complete it. It is apparent from the findings that the second contract was never completed at all and that the parties mutually agreed to stop that work and abandon the rest of the contract and to pay out on the unit price. In fact, plaintiff in its complaint alleges that after it began work under the second contract decedent, Glenn E. Bowlsbey, modified the contract by requesting that plaintiff cease and desist any further construction on said line.

The contract provided, among other things: "Contractor agrees to repair and correct, at its own cost and expense, until the end of the irrigation season following completion of said work any leak or defect which may appear in said work which may be due to poor materials or workmanship. Contractor's liability in this connection and contractor's liability for any failure to perform this agreement, or for any breach of any of the terms and provisions hereof, shall be limited to such reasonable cost or expense as may be incurred by Purchaser in performing said agreement or in repairing or correcting such leaks or defects; . . ." Pursuant to the terms of this provision plaintiff performed considerable work in removing, repairing and replacing most of the risers, changing and repairing the leaky valves, and patching all leaks and defects throughout the entire lines at a cost to plaintiff of over $3,000. However, after this repair work was done there was substantial evidence to show that the pipe lines continued to

leak and that the condition actually occurred as the result of the plaintiff's unskillful and negligent work and that it would require the defendants to incur additional expense to make the pipe comply with the requirements of the contract. In this respect the court specifically found "that the work done by the plaintiff on the no joint pipe installed pursuant to the said contracts was done in an unskillful, negligent and careless manner, so as to cause said pipe, upon completion of said construction to be defective and that in order to make said work conform to the terms of Exhibits 1 and 2 defendant . . . will have to expend the sum of $3,178.40." The determination of the court in this respect is fully supported by the evidence and by the special provisions of the contract which limit plaintiff's liability for any breach of any of the terms and provisions of the contract to such reasonable cost or expense as may be incurred by defendants in performing said agreement or in repairing or correcting such defects.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied January 27, 1958.